RECEIVED
IN ALEXANDRIA, LA
JAN 20 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| PETE SMITH<br>15020-057 | CIVIL ACTION NO. 05-0068-A |
| VS. | SECTION P |
| ROBERT TAPIA, WARDEN,<br>ET AL. | JUDGE DRELL<br>MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241 on January 10, 2005 by *pro se* petitioner Pete Smith. When he filed this petition, Smith was an inmate in the custody of the Federal Bureau of Prisons (BOP); he was incarcerated at the United States Penitentiary, Pollock, Louisiana where he was serving a 168 month sentence imposed following his 1993 conviction in the United States District Court for the Middle District of North Carolina. Petitioner was released from custody on November 3, 2005[1] and he has not advised the court of his present whereabouts.

## STATEMENT OF THE CASE

Petitioner filed his petition on January 10, 2005. He contended that the BOP had miscalculated his release date because their interpretation of 18 U.S.C. §3624(b) was flawed. He argued

---

[1] See BOP Inmate Locator at:
http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch
&needingMoreList=false&IDType=IRN&IDNumber=15020-057&x=26&y=21

that his full term release date should have been November, 2004 and not November, 2005 as calculated by the BOP.

Petitioner relied upon a decision of the United States District Court for the Western District of Wisconsin. [See White v. Scibana, 314 F.Supp.2d 834, 836 (U.S.D.C. - W.D.Wisc. 2004)("After considering respondent's arguments supporting the bureau's interpretation, I conclude that § 3624(b) is unambiguous: 'term of imprisonment' means 'sentence imposed.' Therefore, the bureau must calculate an inmate's good conduct time on the basis of his sentence rather than on the time he has served. In other words, if a prisoner is sentenced to a 10-year term of imprisonment, he may earn up to 540 days of good conduct time in the absence of a disciplinary infraction. The bureau may not limit the application of good conduct time to the amount of time the inmate has already served. Accordingly, I will grant the petition for a writ of habeas corpus and order respondent to recalculate petitioner's good conduct time as § 3624(b) directs.")]

However, this decision was subsequently overturned on appeal. See White v. Scibana, 390 F.3d 997 (7th Cir. 2004) (NO. 04-2410), rehearing *en banc* denied (Feb 09, 2005), as amended (Feb 14, 2005); *certiorari* denied by White v. Hobart, 125 S.Ct. 2921, 162 L.Ed.2d 297, 73 USLW 3716, 73 USLW 3718 (U.S. Jun 13, 2005).

While this matter was pending on initial review, petitioner was released from custody.

## LAW AND ANALYSIS

Petitioner's release from custody during the pendency of this proceeding renders his claim moot. See <u>Belasco v. Warden, Federal Correctional Institution Big Spring</u>, Slip Copy, 2005 WL 3292070 (5th Cir. December, 2005). Dismissal on that basis is recommended.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* and all pending Motions should be **DENIED AND DISMISSED** because petitioner's claims are **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _19th_ day of _Jan_, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE